TATE, Judge.
Plaintiff’s truck and a road grader of the State Department of Highways collided in the afternoon of April 29, 1955, on the Tangipahoa River Bridge on the Tangipa-hoa-Franklinton highway. Plaintiff appeals from the dismissal, after trial, of this suit for the damage caused to his truck by the accident. The defendant-appellee is the liability insurer of the State vehicles involved in the accident.
Prior to the accident, plaintiff’s truck was proceeding eastward, and the State road grader, towed by a motor patrol, westward. Plaintiff’s truck was 8 feet wide. The road grader was &Y2 feet wide (in excess of the statutory minimum of 8 feet, LSA-R.S. 32:273, but as authorized by LSA-R.S. 32:272). The two lanes of the bridge were, as variously estimated, 18)4 to 21 feet wide. Thus the two wide opposite-bound vehicles had a relatively narrow clearance to cross one another upon the bridge.
The accident occurred 65 feet from the eastern end of the long (235') bridge, and 165 feet from its western end.
Plaintiff’s truck had entered on the long bridgeway shortly after the entry thereon of the motor patrol and grader, according to the testimony of the latters’ drivers and also according to plaintiff’s truckdriver (although this latter witness subsequently qualified his testimony to -this effect by saying that the vehicles entered the bridge at about the same time.) All of these drivers, sole witnesses of the accident, agree that the motor patrol towing the grader was proceeding very slowly (the motor patrol driver estimating his speed at 15 mph), and the facts of the accident indicate that the speed of plaintiff’s truckdriver (as he himself admitted) was about three times as fast.
The evidence as to the position of the vehicles prior to the accident with regard to the center of the roadway, and as to in which lane of traffic the impact occurred, is conflicting.
Plaintiff’s driver testified that the grader was in the center of the roadway, forcing him to climb a 6" x 6" guardrail at the extreme right of his lane in an unsuccessful attempt to avoid hitting the grader, which he said occupied a portion of his lane in which he was approaching it; and he is somewhat corroborated by a witness who after the accident found said latter vehicle in that position. The motor patrol driver and grader-man testified that they were at their extreme right and that the accident resulted when the plaintiff’s truckdriver, approaching at too high a speed, lost control of his truck, which then swayed into the grader, after he had attempted to apply his brakes and found that they did not work.
These latter two witnesses for the defendant testified that, following the accident, plaintiff’s truckdriver admitted his brakes had not held; which admission the truckdriver at the trial denied having made. It is to be noted, however, that plaintiff’s truck, greatly damaged, stopped following the accident in the middle of the road only after it had rolled a few feet beyond the eastern end of the bridge, which was itself 65 feet past the point of impact.
We think the evidence supports the District Court’s determination that a proximate cause of the accident — whether sole or contributory is immaterial for present purposes — was the negligence of the plaintiff’s truckdriver in continuing his ap *734 proach, unabated, at an improperly excessive speed under the circumstance of the admittedly narrow clearance and in not maintaining sufficient control of his vehicle as to avoid colliding with the grader due to his own excessive speed, insufficient attention, and/or defective brakes. Cf., Thibodaux v. Pittman Bros. Const. Co., La.App. 1 Cir., 199 So. 159. Such negligence, being imputed to plaintiff, his employer, bars the latter’s recovery herein.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.